Good morning, Steve DeLombo on behalf of Deutsche Bank. All right, please proceed. Okay, this case, there's 2 essential issues at play. The 1st is the vendor properties issue. Which the district court didn't have the benefit of at the time it made its ruling. Counsel, before we even get to that, do we have jurisdiction in this appeal? Because it seems to me that the counterclaim is still remaining and you don't have a final judgment. I agree with that, Your Honor. And the reason is Deutsche Bank filed an answer to SFR's counterclaim. And in dismissing this action outright, the district court didn't reach the merits of the case. And therefore, SFR's counterclaim for quiet title was never considered or never put at play. So, under Nevada law, to prevail on a quiet title claim, a plaintiff needs to prove good title in themselves. Again, that was not reached by the district court. And our position is that that counterclaim is still in play and therefore that this court does not have jurisdiction. So, counsel, I guess I'm a little confused where we are in this case then. Your client filed the notice of appeal, correct? Correct. And now you're asking us to dismiss the appeal that you're asking this court to take up. So, where are we in this case? Right. So, what I'm asking for is for the matter to be remanded to the district court so that we can litigate the remaining counterclaim for quiet title filed by SFR. Counsel, you started off by saying there were two issues and you said the Thunder Properties issue was one. What's your second issue? Wait a minute. It was the counterclaim issue, Your Honor. Okay. Okay. So, you're asking us in this case to now say don't decide the appeal because we lack jurisdiction. And then that's all we would say because we lack jurisdiction. We can't really opine about this other stuff, correct? That's accurate, Your Honor. I mean, is there a procedural mechanism where you just file a motion to dismiss the appeal? I mean, it just seems like we're in an odd place where the appellant wants us to dismiss the appeal and the appellee wants us to decide it. I'm not sure I've ever seen that before. Yeah, I can't say that I have either. When this appeal was filed, the initial basis was based on the 106.240 in addition to the counterclaim for quiet title. As it stands now, the court asked for additional briefing on the counterclaim issue. And I do agree that that counterclaim is still outstanding. It needs to be addressed by the district court. Initially, I was simply asking for this matter to be remanded on the statute of limitations issue, which would give me a mechanism to go to the district court and get a ruling on the counterclaim. But we can't do that if we lack jurisdiction. Your Honor, I can dismiss the appeal, but I think we would still need a remand order to get this back in front of Judge Brewer. We can dismiss the appeal. But if we dismiss the appeal, we don't take any other action. We wouldn't be remanded. We would just dismiss the appeal for lack of jurisdiction, and then it would automatically go back to the district court. Understood. Is there anything else, counsel, you want to save the balance of your time for rebuttal? No, Your Honor. Thank you, but I'll save the balance. All right. I won't forget it this time. I appreciate it. Good morning again. Karen Hanks on behalf of SFR. I have to take a different position on the jurisdiction issue. Well, let me ask you, Ms. Hanks, and by the way, I think you've appeared this frequently as like an assistant public defender. Okay. In the district court, you have a counterclaim and you have a cross-claim. It's in the same pleading. The cross-claim served as a basis for default judgment. Why does the counterclaim not still exist? I mean, the cross-claim is in the same pleading. I'll walk you through that, Your Honor. Because, okay, this is how I understand the law. FRCP 13A states a pleading must state as a counterclaim. So there's a court ruling that interpreted that rule saying a counterclaim is not standalone. It must be part of a pleading. So right there, we know a counterclaim is not standalone. That is different, though. If you look at FRCP 7A, a counterclaim is also not listed as a pleading, but a cross-complaint is. So the fact that there's a cross-complaint attached to the same pleading as the counterclaim doesn't mean they both coexist. It's the cross-complaint does exist under federal civil procedure as a standalone document. And that's what was... Not a standalone document, but a standalone claim. So it's standalone. And that's why we were able to seek default judgment against those two parties, because that's a cross-complaint that's identified in FRCP 7. And it is considered a pleading. All right. Going back to your amended... Respond to an amended complaint. Correct. It's one thing when the amended complaint changes the allegations requiring a new answer that would deny those, but that wouldn't affect your counterclaim. If a plaintiff changes the allegations of a complaint, the counterclaim could just stand as is. Could it not? Not on my reading of the law, Your Honor. I admit that district courts are split on this. So... And this circuit hasn't decided. There is authority supporting your view. No question. When you moved to strike the motion for summary judgment of the bank that was addressed to the counterclaim, you didn't move to strike on the ground that, hey, our counterclaim doesn't exist anymore. You moved to strike on the ground of timeliness. Why did you do that and not simply say, we don't have a counterclaim? I wish I could speak to that, Your Honor. And I can't. I think what everyone was considering, I think it was implicitly thought of in that regard because rather than file the counterclaim after they filed their amended complaint, we filed a motion to dismiss. So I think, though, while it might have been artfully said that way, I think that's what counsel was thinking when we were arguing it was time-barred. In other words, we did not want to... We were saying there's nothing to reach because we opted not to reassert that counterclaim. We asserted a motion to dismiss. So it probably could have been said better, but I think that's what our thinking was. I will be candid with the court. While I was with that law firm, I don't remember this case specifically and what was going on at that time. That was quite a bit of time ago. But I think that's what was our understanding. And that's my interpretation of the law because this was not a dismissal with prejudice. It was basically a voluntary dismissal and amended complaint. And the law says that that pleading ceased to exist. It operates no longer. And the counterclaim can't stand alone under the federal rules so that it's not tethered to anything any longer. And in fact, rather than replete our counterclaim, which the law says we would have to do, otherwise we waived it, we filed a motion to dismiss. So I take the position this court does have jurisdiction, but I respect whatever decision this court reaches with that regard. I will mention, however,  and we did not assert this appeal, I think it would behoove the court to consider a motion for attorney's fees. I mean, here we are now in 2023 and the bank is asserting that this court doesn't have jurisdiction. It was incumbent upon them to review the docket. And if they firmly believe their interpretation of the law was that the counterclaim still existed. Well, to be fair, the court, the panel raised this. It wasn't the bank. Oh, I agree. But I'm thinking they were the party filing the appeal. And so if now they're taking the position that the law says to them the counterclaim still survives, I would imagine they would have thought that when they filed their appeal. And so it's just, I have concerns that now we've fully briefed an appeal and they just are saying, well, dismiss it, we'll all go back. And they were not focused on that point. And we were more procedurally oriented. And we take seriously the responsibility that we can only review final judgments. And so a question was raised whether or not this was a final judgment in our view. So if you have to blame anyone, you can blame us, but we won't give you attorney's fees because we delayed it. No, and I'm not blaming anyone. I'm just taking the position that I don't read the law the way they do. And I didn't see in their briefing where they really backed it up. It was just simply saying, well, it's still out there. And I'm looking at FRCP, the low decision, the lacy decision. And it indicates that the Ninth Circuit has taken that hybrid view that the only time that the claim is completely dismissed is when it's with prejudice without leave. Yeah, but you understand our position is that we want to be sure that all of the issues that were raised before the district court are addressed. Because in theory, a party could come back and say the district court never addressed this counterclaim. So it's still outstanding. And we will have already decided the case on appeal. And it would have to go back on a claim that everyone assumed was decided. But because the final judgment didn't encompass it, there's a question as to whether or not it's still outstanding. So for us, we err on the side of caution to make sure that all of the claims have been addressed in the final judgment before we take jurisdiction over an appeal. So that's where we're coming from. And I understand that, Your Honor. And so I'll represent to you that if this were dismissed for lack of jurisdiction, SFR has no intention to reassert its counterclaim. It's going to want to reassert its motion to dismiss. And I'll tell you why. I'm just being very candid. The reason why the bank wants the counterclaim to still exist is I think they know that a judge looking at the facts of this case would apply thunder properties and say they were time barred. And now they want to raise all the claims they could have raised as defenses to our counterclaim. That was the very reason why we made the strategic decision not to assert the counterclaim. So to say this court doesn't have jurisdiction would essentially be forcing SFR to assert a counterclaim that it abandoned. As our understanding... Well, but not affirmatively. So it would have been easy to just dismiss voluntarily, dismiss the counterclaim as part of the proceedings. If you wanted to make it clear that you no longer wanted to pursue the counterclaim. And if that's what happens, if this court believes it doesn't have jurisdiction, I can tell you that's what we're going to do. And then we're going to have the court reissue the decision on the statute of limitations, which this court did. It didn't apply the sale date. The district court in this case looked at the date the foreclosure deed was recorded. And I know I'm on my third time arguing this and you've heard it. So can I ask you from a practical standpoint, let's say we determine we do have jurisdiction. Yes. Couldn't it really go back so that the district court can develop it? I guess you're about to talk about it. Yes, you could do that, Your Honor. We put in our briefing that we did have multiple actions pending with this bank. And now here's my only question I want to highlight and I didn't have a chance in the other two cases, but it's consistent. If you look at Supplemental Excerpt to Record 6, this is the allegation of the bank in their complaint. Plaintiff is informed and believes that buyer and HOA assert that plaintiff's security interest in the property as evidenced by the deed of trust was extinguished at the HOA sale. And in their amended complaint, they said the same thing at ECF 54. That allegation establishes that when the bank filed its complaint, it knew SFR, the buyer, repudiated the deed of trust. And the reason it knew that is there was countless lawsuits pending before this lawsuit. There was, I cannot stress this enough, there is not a single lender in this country who did not know SFR's position. Never has SFR taken a contrary position. Never. Banks did. They took a lot of different positions. That's an argument that you can make to the district court. We can, but yes, I agree, Your Honor. But if you wanted to, you could look at this decision and see that he did not take the sale alone. So the decision is not defective on its face. He took the foreclosure deed recording as the latest date and measured it from that and said the bank was still time barred. But out of an abundance of caution, I don't disagree and could not disagree and would be inconsistent if I said it. I do think that remand is always appropriate in the context of Thunder Properties because none of the parties had the opportunity to use the framework and introduce the facts that would support the framework in the first instance. If we dismiss for lack of jurisdiction, then it goes back to the district court and the district court will decide what issues remain and what it wants to decide and whether or not it wants supplemental briefing or arguments. So that's not something that we would decide here because if we lack jurisdiction, we can't do any of that. Yes, I think the only thing we would need clarification, which I understand it standing here today, is that you believe the counterclaim still is active. And then I think we'd have to go back down and like you said, do something procedurally to get rid of the counterclaim or what have you. I would only make that point clear. I don't want to get back into the same position where we're not really clear. I think it's clear from the record, but making sure the court understands what point you thought that made you lack jurisdiction. And we would take care of that, however we deemed fit in terms of our strategy. That's fair. Thank you, counsel. Thank you. Rebotto? Hi, Your Honor. There were just a couple of things that popped up that I would like to address with respect to the amended complaint that we filed. Again, it didn't change the cause of action. It was a single cause of action for my title. The only thing that we did was we added some additional allegations that came up after some discovery where we found evidence that the borrowers in this case had made payments to the HOA in an amount sufficient to satisfy the super lien. And I would also like just to add that in the district court action, we filed an MSJ, or motion for summary judgment, as to their counterclaim. They did oppose it. And nowhere in the opposition did they indicate that they were abandoning the claim or that they were dismissing it. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the courts. You guys can sit tight because they're for the next argued case.
judges: RAWLINSON, OWENS, Fitzwater